Dear Mr. Lorio:
This office is in receipt of your request for an opinion of the Attorney General in regard to separation of powers between the executive and legislative branches of the government of St. John the Baptist Parish which operates under a Home Rule Charter.
You indicate that the St. John the Baptist Parish has enacted a hiring freeze by resolution prohibiting the President from employing additional personnel without Council authorization, notwithstanding there may be funds within the departmental budget to effectuate additional hiring. The resolution has raised the following questions:
 1. Is the imposition of a hiring freeze through a duly enacted resolution an appropriate act of a legislative body;
 2. Does such act infringe on the powers and duties of the executive officer of the Parish;
 3. Does the mere enactment of a budget require an executive officer to expend funds to the limits set therein: and
 4. Must such resolution be enforced by the executive branch.
While we recognize that the question presented herein is in regard to a parish administration operating under a home rule charter, we note in Atty. Gen. Op. 87-477 this office was presented with questions concerning the propriety and/or legality of certain ordinances and resolutions proposed or adopted by the board of aldermen in a Lawrason Act community, especially the board of aldermen's authority or power as a legislative body to interfere with the mayor's authority and powers as the administrative officer of the municipality.
Therein the Mayor, as the President in the instant inquiry, was designated the chief executive officer, and the legislative powers vested in the board of aldermen gave them the authority to enact ordinances to provide policies and procedures regulating the employment of municipal employees. It was stated that the mayor was given the authority to supervise and direct the administration and operation of all municipal departments except that of the elected chief of police, and the power to perform any other duty necessary for the administration of the municipal affairs. This office observed as follows:
 While the mayor has the authority to appoint and remove municipal employees, the board of aldermen have been given the authority, as the municipal legislative body, to provide policies and procedures regulating the employment of municipal employees, including the hiring and firing of municipal employees. This granted authority can, if necessary, include the authority to limit or determine the number of municipal employees. Therefore, I see no impropriety in the municipal resolution which temporarily reduced the number of municipal employees.
Inasmuch as the President's "Powers and Duties" in Art. III, Sec. B(3)(a) provides that he "shall be responsible for carrying out the policies adopted by the Parish Council and for the administration, direction and supervision of all Parish departments, officers, agencies, and special districts", we would conclude this obligates him to follow the policy by recognizing a hiring freeze in accordance with the council's resolution.
We cannot agree with the suggestion that an enactment by resolution, not having the force of law as an ordinance, constitutes a matter that the administration has discretion whether or not to follow. As noted above, the President "shall" carry out policies adopted by the Parish Council, and Art. IV, Section H of the Home Rule Charter provides an act of the Council, which is not to have the force of law, may be enacted by resolution. Resolutions which may be adopted include acts which "declare a statement of public policy of the Parish Council" and "an act, ministerial in character, which relates to the administrative business of the Parish".
Accordingly, we find that the imposition of a hiring freeze through a resolution is an appropriate act of the council, and does not infringe upon the powers and duties of the President who is mandated to carry out the policies of the Parish Council.
Moreover, we conclude, that the enactment of a budget clearly does not require an executive officer to expend the funds to the limits set therein. The responsibility of the President "for executing the budget and capital program after adoption of the Council" certainly does not require expenditure of the total funds, and the power to transfer funds within a particular departmental budget line to salaries cannot be done if it violates the policies of the Parish Council enacted by a resolution.
You also indicate the contracts have been executed with certain professionals as consultants on an hourly basis with limited hours, and individual councilmen and the council as a whole have directed these consultants to perform certain tasks without initiating the request through the President. On occasion, contracts have been awarded by resolution to perform certain projects over presidential veto. As a result the following questions have arisen:
 1. Can the Council, or any of its members, in any manner, legally direct Parish consultants to perform certain tasks;
 2. Can the Council contract with the private sector, over Presidential objection for the performance of specific projects;
 3. Must the Parish President sign such a contact;
 4. After performance, must the President pay the contract proceeds or can the Council direct another to issue said payment;
 5. Can the Council direct someone other than the President to sign a check in payment thereof; and
 6. Can the President's authority to transfer appropriations among programs alter the end result.
The Council, but not an individual member, may direct Parish consultants insofar as this may be accomplished through directives set forth in an ordinance or resolution under the Council's power to enact any ordinance necessary for the good order of the Parish, its authority to perform any acts deemed for the best interest of the people of the Parish, or set forth in the provisions of a contract with the consultant. We do not find that this is controlled by the provision that requires the Council deal with Parish officers and employees through the President since consultants do not fall within this category.
When the Council enters a contract with the private sector pursuant to an ordinance or resolution the same may be vetoed by the President, and only if the veto is overridden by a majority vote plus one of all its members will the contract become enforceable over the President's objection. Thereafter, we find the President is mandated to carry out the policies adopted by the Council, and he shall see that all acts of the Council subject to enforcement by him or officers subject to his supervision are faithfully executed.
The Council is empowered to enact by a resolution the authorization for a person to be designated to sign on its behalf an approved contract, and if the President be designated, he must sign such a contract under such a resolution.
We also find the President must pay the contractor under the provisions of the charter mandating the Department of Finance disburse all funds in the Parish treasury after determining the legal obligation and the check must be signed by the Parish Financial Advisor and the Parish President. The Council may authorize a designated person to sign or co-sign a check on an account of the Parish Council but we believe that this is distinguishable from a check issued from the Parish Treasury by the Financial Advisor for payment of debts incurred under a contract.
The President's power to transfer appropriations refers to "any unencumbered" appropriation balance among programs and this is only after the President's written request to the Council that the Council "may" transfer part or all of an unencumbered appropriation balance from one department to another. We do not find the transfer of unencumbered appropriations is mandatory, and find it is further provided that "no appropriation for debt service may be reduced or transferred".
Consequently, we find that the President's authority to transfer appropriations among programs is limited to a transfer of unencumbered funds by initiating a request to the Council for a transfer.
We hope we have sufficiently answered the various questions, but if we can be of further assistance do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR